IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BRANDON RAY JACKSON, §
§
Plaintiff, §
§
v. §
§ CIVIL ACTION NO. H-17-1922
ANTUAR FERRETIS, OFFICER and §
NEW CANEY INDEPENDENT SCHOOL §
DISTRICT, §
§
Defendants. §

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Brandon Ray Jackson ("Plaintiff"), sued defendants Antuar Ferretis and New Caney Independent School District ("NCISD") (collectively "Defendants") in the 284th Judicial District Court of Montgomery County, Texas.[1] Plaintiff brings claims against defendant, police officer Antuar Ferretis, in his official and individual capacities, under 42 U.S.C. § 1983 for violation of civil rights guaranteed by the Fourth, Fifth, and Eighth Amendments to the United States Constitution. Plaintiff brings claims against NCISD under the Texas Tort Claims Act for negligent conduct of its employees, and under 42 U.S.C. § 1983 for municipal liability. Defendants timely removed to this court.[2] Pending before the court is New Caney Independent School District and Antuar Ferretis'

---

[1]See Plaintiff's Original Petition, Exhibit 2 to Defendants' Notice of Removal, Docket Entry No. 1-2.

[2]See Defendants' Notice of Removal, Docket Entry No. 1.

Motion for Partial Dismissal of Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(6) (Docket Entry No. 10) ("Defendants' Motion for Partial Dismissal"). For the reasons set forth below, Defendants' Motion for Partial Dismissal will be granted.

I. **Factual Allegations and Procedural Background**

On July 21, 2016, plaintiff Brandon Jackson was riding his bicycle at NCISD's Texan Drive Stadium. Officer Ferretis approached Jackson in his NCISD Police Department patrol car as Jackson was leaving the parking lot. During the ensuing pursuit Officer Ferretis' patrol car hit Jackson, causing several injuries. Plaintiff alleges that Officer Ferretis was at all times acting under color of state law as an agent and employee of NCISD.[3]

Jackson initially filed a personal injury lawsuit in state court against NCISD and Officer Ferretis in his official and individual capacities under the Texas Tort Claims Act and 42 U.S.C. § 1983 ("Section 1983"). Defendants removed the action to federal court and sought partial dismissal of Jackson's federal and state law claims. Jackson then filed a Second Amended Complaint in which he asserts a claim against Officer Ferretis under Section 1983 in his official and individual capacities and against NCISD under the Texas Tort Claims Act and under Section 1983.[4] Defendants move for

---

[3]See Plaintiff's Second Amended Complaint, Docket Entry No. 6, p. 4 ¶ 18.

[4]See Plaintiff's Second Amended Complaint, Docket Entry No. 6, p. 3 ¶¶ 16, 17; pp. 5-6 ¶¶ 29-32.

partial dismissal of Plaintiff's Second Amended Complaint. Defendants ask the court to dismiss (i) Plaintiff's claim against NCISD and Officer Ferretis in his official capacity under Section 1983, and (ii) Plaintiff's claims arising under the Fifth and Eighth Amendments to the United States Constitution against Officer Ferretis in his official and individual capacities.[5] Plaintiff opposes Defendants' Motion to Dismiss.[6] However, Plaintiff did not respond to Defendants' arguments to dismiss the claims under the Fifth and Eighth Amendments. Each claim will be analyzed under the standard of review set forth below.

## II. Standard of Review

Under the Federal Rules of Civil Procedure a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's pleading must provide the grounds of his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do. . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). "'[N]aked assertion[s]' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." See Ashcroft v. Iqbal, 129 S. Ct.

---

[5]See Defendants' Motion for Partial Dismissal, Docket Entry No. 10.

[6]See Plaintiff's Response to Defendants' Partial Motion to Dismiss Plaintiff's Second Amended Complaint, Docket Entry No. 12.

1937, 1949 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. The court does not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." Southland Securities Corp. v. INSpire Insurance Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004) (internal quotation marks and citations omitted). "[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise well-pleaded." Flynn v. State Farm Fire and Casualty Insurance Co. (Texas), 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009) (citing Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989)).

## III. Analysis

### A. Jackson Abandoned Claims Under the Fifth and Eight Amendments

Plaintiff did not address Defendants' arguments for dismissal of Plaintiff's claims under the Fifth and Eighth Amendments. Accordingly, the court treats the arguments as unopposed by Plaintiff.[7] As such, this court will dismiss those claims as abandoned. See Black v. North Panola School Dist., 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding that the plaintiff's failure to defend a claim in responses to motions to dismiss or to otherwise pursue it beyond her complaint constituted abandonment of the claim) (citing Vela v. City of Houston, 276 F.3d 659, 679 (5th Cir. 2001)).

Alternatively, Plaintiff's claims under the Fifth and Eighth Amendments have no merit whether the court treats them as abandoned or not. Neither the Fifth nor the Eighth Amendment applies to the municipal actors in this case. The protections of the Eighth Amendment apply only to "convicted prisoners and do not apply to pretrial detainees," and the Fifth Amendment applies "only to the actions of the federal government, and not to the actions of a municipal government." Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996). Therefore, Plaintiff's claims under the Fifth and Eighth Amendments against Officer Ferretis in both his official and individual capacities have no merit.

---

[7] See Local Rules of the United States District Court for the Southern District of Texas, Rule 7.4 ("Failure to respond will be taken as a representation of no opposition.").

-5-

## B. Section 1983 Claims Against NCISD and Officer Ferretis

### 1. Claim Against Officer Ferretis

Plaintiff sued Officer Ferretis in both his individual and official capacities under Section 1983.[8] Public officials like Officer Ferretis may be sued pursuant to 42 U.S.C. § 1983 in their official and/or their personal capacities. Hafer v. Melo, 112 S. Ct. 358, 361-63 (1991) (citing Kentucky v. Graham, 105 S. Ct. 3099 (1985)). But the real party in interest in an official-capacity suit is the governmental entity, not the named official, because "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." Id. at 362. Therefore, Plaintiff may bring Section 1983 claims against Officer Ferretis in his individual capacity only and against NCISD through Officer Ferretis' official capacity.

### 2. Municipal Liability Claims Against NCISD

Plaintiff attempts to establish municipal liability against NCISD by claiming that NCISD's Chief of Police has policy-making authority and that NCISD has a custom of intentionally disregarding public safety.[9] A governmental entity can be sued and subjected to monetary damages and injunctive relief under Section 1983 only if

---

[8] See Plaintiff's Second Amended Complaint, Docket Entry No. 6, pp. 3-4.

[9] See Plaintiff's Second Amended Complaint, Docket Entry No. 6, pp. 5-6.

its official policy or custom causes a person to be deprived of a federally protected right. <u>Monell v. Department of Social Services of the City of New York</u>, 98 S. Ct. 2018, 2037-38 (1978). A governmental entity may not be held liable under Section 1983 on the basis of <u>respondeat superior</u> or vicarious liability. <u>Id.</u> at 2036. Governmental liability under Section 1983 requires proof of (1) a policy maker; (2) an official policy or custom; and (3) a violation of a constitutional right whose moving force is the policy or custom. <u>Id.</u>; <u>Cox v. City of Dallas, Texas</u>, 430 F.3d 734, 748 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 2039 (2006).

For the first element, "[u]nder Texas law, the final policy-making authority in an independent school district rests with the district's board of trustees." <u>Eugene v. Alief Independent School Dist.</u>, 65 F.3d 1299, 1304 (5th Cir. 1995) (citing <u>Jett v. Dallas Independent School Dist.</u>, 7 F.3d 1241, 1245 (5th Cir. 1993). An official policy or custom requires a policy statement or decision that is officially adopted and promulgated by the district or by a policy maker; or a widespread practice constituting a custom that fairly represents district policy. <u>Eugene</u>, 65 F.3d at 1304. The third element "requires the plaintiff to prove causation; that is, that the policy or custom is the cause in fact of the rights violation." <u>Crawford v. City of Houston Texas</u>, 260 F. App'x 650, 652 (5th Cir. 2007).

To survive Defendants' Motion for Partial Dismissal, Plaintiff must assert plausible factual allegations to support the three

elements of municipal liability. Plaintiff identified the policy maker as the NCISD Board of Trustees, but later argues that the Board delegated policy-making authority to NCISD's Chief of Police.[10] Plaintiff contends that the Board delegated policy-making authority to the Chief of Police in the NCISD Police Department's Policy Manual, which states that "the right to modify or rescind any provision in this policy manual is reserved to the chief of police." But, whether an official possesses policy-making authority for purposes of municipal liability is a question of state and local law. Pembaur v. City of Cincinnati, 475 U.S. 469, 482 (1986). Texas law is clear that policy-making authority vests with the school district's board of trustees, and Plaintiff has not overcome this rule by stating the Board delegated that authority to the Chief of Police. The Texas Education Code provides that the board of trustees of any school district may create a police department and that the Chief of Police is accountable to the superintendent. Tex. Educ. Code § 37081. The NCISD Board of Trustees adopted a policy manual approving formation of the NCISD Police Department and stating that the Chief of Police is accountable to the Superintendent.[11]

---

[10] See Plaintiff's Second Amended Complaint, Docket Entry No. 6, p. 5 ¶ 29.

[11] See New Caney Independent School District's and Antuar Ferretis' Reply Brief, Docket Entry No. 13, p. 4.

Because Plaintiff acknowledges in his Second Amended Complaint that NCISD does not have a written policy that caused his injuries,[12] he must demonstrate a custom of constitutional violations attributable to the policy maker. Pineda v. City of Houston, 291 F.3d 325, 330-31 (5th Cir. 2002). But "[i]solated violations are not the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal section 1983 liability." Piotrowski v. City of Houston, 237 F.3d 567, 581 (5th Cir. 2001) (quoting Bennett v. City of Slidell, 728 F.2d 762, 768 n.3 (5th Cir. 1984)). The accident in this case was a single incident, and Plaintiff has not alleged facts that demonstrate a pattern of similar incidents or any widespread custom of constitutional violations. Therefore, Plaintiff has no basis for Section 1983 claims against NCISD.

## IV. Conclusions and Order

For the reasons explained above, Plaintiff failed to state a claim arising under the Fifth and Eighth Amendments to the United States Constitution against Officer Ferretis in his official and individual capacities. Plaintiff's action against Officer Ferretis in his official capacity has no merit. Plaintiff has failed to state a claim upon which relief can be granted against NCISD under 42 U.S.C. § 1983. Therefore, Defendants' Motion for

---

[12] Id. at 5-6 ¶ 30.

Partial Dismissal of Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(6) (Docket Entry No. 10) is **GRANTED**, and these claims are **DISMISSED WITH PREJUDICE**.

Still pending before the court are (i) Plaintiff's Section 1983 claims against Officer Ferretis individually and (ii) negligence claims against New Caney Independent School District under the Texas Tort Claims Act.

**SIGNED** at Houston, Texas, on this 26st day of September, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE